# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>WAYNE L. FROST and<br>CORRINE FROST,<br><br>  Debtors | Chapter 7<br>Case No. 17-12779-FJB |

## MEMORANDUM OF DECISION ON
## TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION [Doc. #28]

The debtors in this chapter 7 case, Wayne and Corrine Frost (the "Debtors"), have claimed an exemption under the Florida homestead statute, FLA. STAT. § 222.05, in a mobile home located in Massachusetts. The chapter 7 trustee, Warren Agin (the "Trustee"), has objected to the claim of exemption, arguing that Florida's statutory homestead exemption cannot be applied to property outside of the State of Florida. For the reasons set forth below, I overrule the Trustee's objection.

In 2016, the Debtors sold their home in Florida, relocated to Massachusetts, and purchased a mobile home, located in Carver, Massachusetts. They do not own the land on which the mobile home is situated. On July 28, 2017, the Debtors then filed, in the District of Massachusetts, a joint petition for relief under chapter 7 of the Bankruptcy Code.

The Debtors had resided in Massachusetts for fewer than 730 days when they commenced their chapter 7 case, and they resided in Florida for the entire 180 days preceding the 730 days immediately preceding the date they commenced their chapter 7 case. Accordingly, they agree with the Trustee that under 11 U.S.C. § 522(b)(3)(A), the state whose exemptions they may elect in this case is not

Massachusetts but Florida.[1] Accordingly, the Debtors have claimed their mobile home as exempt under FLA. STAT. § 222.05. They value the mobile home at $95,000 and jointly claim that full value as exempt.

Florida has two possible sources for a homestead exemption: one in the state's constitution, FL. CONST. Art. 10, § 4, and the other in a statute, FLA. STAT. § 222.05.  The constitutional exemption applies only to real estate; the Debtors concede that it does not shelter their mobile home, and they accordingly do not rely on it. Rather, they rely solely on the Florida homestead statute.  It states:

> Any person owning and occupying any dwelling house, including a mobile home used as a residence, or modular home, on land not his or her own which he or she may lawfully possess, by lease or otherwise, and claiming such house, mobile home, or modular home as his or her homestead, shall be entitled to the exemption of such house, mobile home, or modular home from levy and sale as aforesaid.

FLA. STAT. § 222.05.

The Trustee argues that this statutory homestead exemption includes an unstated requirement that the dwelling house in question be located in the State of Florida; in other words, he argues that the statutory exemption, by implicit prohibition, may not be applied extraterritorially, even to a mobile home. The Debtors argue that the statutory exemption, containing no express prohibition, contains no prohibition at all against application extraterritorially.

In determining whether an exemption can be applied extraterritorially, the Court has recently adopted the three-step "state specific" approach.  *In re St. James*, 560 B.R. 15 (Bankr. D. Mass. 2016).  In this approach, the court first looks to whether the state statute addresses its extraterritorial effect; and, if it is silent on the issue, then the court must determine whether the appellate decisions of that state have interpreted the homestead statute to apply to property located outside the state.  *Id*. at 20–21 (*citing Stephens v. Holbrook (In re Stephens)*, 402 B.R. 1, 6-7 (10th Cir. BAP 2009)).  Finally, if no state

---

[1] They initially claimed the mobile home (and all their other exemptions) under Massachusetts law, but upon the initial objection of the Trustee, which pointed out the unavailability of the Massachusetts exemptions to them, the Debtors amended their claims of exemption to rely exclusively on Florida law, and the Trustee has now objected solely to the homestead exemption.

appellate case law exists on the statute's extraterritorial application, the court proceeds to interpret the homestead law according to the state's general principles governing exemptions and, more specifically, homestead exemptions. *In re St. James*, 560 B.R. at 20-21.

In this instance, neither of the first two steps is of assistance. It is clear from a simple reading that FLA. STAT. § 222.05 is silent as to its extraterritorial application to dwelling houses in general and mobile homes in particular; the parties are in agreement on this point. And neither party has cited, and the Court has not found, case law from a Florida state appellate court that addresses whether § 222.05 may be applied extraterritorially. This requires that the Court proceed to interpret the homestead law according to the state's own interpretive principles for exemption laws.

It is clear that in Florida, as virtually everywhere, homestead provisions are to be liberally construed in favor of maintaining the homestead property. See *Butterworth v. Caggiano*, 605 So.2d 56, 58 (Fla. 1992); *Hubert v. Hubert*, 622 So.2d 1049, 1050-51 (Fla. 4th DCA 1993); *Englander v. Mills (In re Englander)*, 95 F.3d 1028 (11th Cir. 1996) ("Florida case law dictates that the homestead exemption laws be liberally applied to the end that the family shall have shelter and shall not be reduced to absolute destitution.") and cases cited. In conjunction with (i) the silence of the statute on its application extraterritorially and (ii) the fact that, unlike Florida's constitutional homestead exemption, this statutory exemption applies not to real estate but to a mobile home, which is personalty used as a dwelling house, this principle requires that the statutory exemption for mobile homes be determined to apply extraterritorially.

Those cases that have held to the contrary are unpersuasive. In *In re Sanders*, 72 B.R. 124 (Bankr. M.D. Fla 1987), which predated the 2005 amendments to the Bankruptcy Code, the bankruptcy court held that the debtor could not claim as exempt under FLA. STAT. § 222.05 the insurance proceeds that she had received after fire destroyed her Tennessee mobile home. The court based this conclusion at least in part on the fact that the property in question had been located outside of Florida. The court

3

based its holding on the proposition that F<small>LA</small>. S<small>TAT</small>. § 222.05 was a "legislative extension" of Florida's constitutional homestead exemption and accordingly is governed by its requirement that the homestead be located in Florida. This proposition—that the statutory exemption is an extension of the constitutional, subject to its same requirements—has now been discredited. *See In re Heckman*, 395 B.R. 737, 741-42 (Bankr. N.D. Fla. 2008).

And *In re Kirby*, 223 B.R. 825 (Bankr. M.D. Fla. 1998), in which another bankruptcy court held that the § 222.05 did not shelter a *motor home*, the court, applying requirements of the constitutional exemption to the statutory exemption, stated that "the constitutional requirements of homestead require there be an attachment to a fixed and permanent property interest *in Florida* even for nontraditional mobile properties." *Id*. at 828. The court offered no justification for importing requirements of the constitutional exemption into the statutory exemption. Moreover, the court's holding could have been based just as effectively on the simple principle that the home in question must have a degree of permanency to a fixed property interest somewhere. The motor home in that case had no fixed connection to real property anywhere; though it was in fact the debtors' home, the debtors used it a majority of the time for travel. The mobile home in the present case does not suffer from this defect.

Accordingly, I hold that F<small>LA</small>. S<small>TAT</small>. § 222.05 fully exempts the Debtors' equity in the mobile home. By separate order, the Court will overrule the Trustee's objection.

Date:  December 19, 2017

_____
Frank J. Bailey
United States Bankruptcy Judge